Matter of A.M.H. (2024 NY Slip Op 03457)

Matter of A.M.H.

2024 NY Slip Op 03457

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 500234/15 Appeal No. 2552 Case No. 2023-05363 

[*1]In the Matter of A.M.H., an Incapacitated Person.
John E. Hutchinson IV, Appellant,
Susan S. Brown, et al., Respondents.

John E. Hutchinson IV, appellant pro se.
Laurie Maxis, New York, for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about September 14, 2023, which confirmed the March 31, 2023 amended Referee's report of Laurie Maxis, Esq., granted Michael Fenton, Esq.'s (property guardian for AMH) motion to settle his final account and discharge him as property guardian, and awarded Fenton, Maxis, and Fenton's counsel, Sabrina Morrissey, Esq., fees for their services, unanimously affirmed, with costs.
AMH was adjudicated on her consent as a person in need of a guardian under article 81 of the Mental Hygiene Law. Petitioner John E. Hutchinson IV (John) is one of AMH's three children. John contends that the property guardian's final accounting improperly excluded a $250,000 withdrawal from an AMH investment account at J.P. Morgan Chase made on March 30, 2016, AMH's jewelry collection, and payments made in partial satisfaction of a deed of trust on a property in Virginia. The motion court appropriately addressed the final account's treatment of each of these assets, noting that purported discrepancies were resolved or clarified by the amended Referee's report and amended report of the successor guardian and/or directing that they be addressed in future accountings (see Matter of Shauntray T. [Margaret T.], 176 AD3d 719, 719 [2d Dept 2019] ["a party who objects to a guardian's final report has the initial burden of coming forward with evidence the amounts set forth are inaccurate or incomplete"].
We have considered petitioner's remaining contentions find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024